IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

SAID ELTANTAWY,

    Plaintiff,

v.

KENDALL SPORTS BAR, INC., a Florida profit corporation
d/b/a CAFE IGUANA HOLLYWOOD, and
NECTORY PLAISIR, individually,

    Defendants.
_____/

## COMPLAINT

COMES NOW Plaintiff, SAID ELTANTAWY, [herein referred to as "Plaintiff"], by and through his undersigned attorney and hereby files this Complaint against Defendant, KENDALL SPORTS BAR, INC., a Florida profit corporation, d/b/a CAFE IGUANA HOLLYWOOD and NECTORY PLAISIR and as grounds therefore alleges as follows:

### JURISDICTION, PARTIES AND VENUE

1. This matter in controversy concerns unpaid overtime payments, liquidated damages, and attorney's fees.

2. This is an action for damages and is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 207 ("FLSA"), for unpaid overtime.

3. This court has original jurisdiction over this matter insofar as the matter involves a federal question, namely violation of 29 U.S.C. §216(b).

4. Plaintiff is a resident of Broward County, Florida.

5. Defendant, KENDALL SPORTS BAR, INC., a Florida profit corporation, d/b/a CAFE IGUANA HOLLYWOOD [herein referred to as "Defendant"], has a principal place of business at 8358 Pines Boulevard, Pembroke Pines, Florida 33024.

6. Upon information and belief, individual Defendant, NECTORY PLAISIR is believed to be a resident of Broward County.

7. Individual Defendant NECTOR PLAISIR ["Plaisir"], is registered with the Florida Division of Corporations as the President of KENDALL SPORTS BAR, INC.

8. This cause of action arose in Broward County.

9. Broward County, Florida is proper venue for this action because Plaintiff was employed by and had dealings with Defendant in Broward County, Florida.

10. Defendants, failed to pay Plaintiff the mandatory wages as required under state and federal law.

11. Defendants have annual gross sales volume that exceeds the statutory requirements of $500,000.00 per annum.

12. Defendants, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

## COMMON ALLEGATIONS

13. Plaintiff was employed with Defendant for over ten years up to and including his separation on or about March 1, 2019

14. Plaintiff worked as a line cook and was called the kitchen manager.

15. Plaintiff's primary duties were food preparation and cooking.

16. Plaintiff did not manage people as his primary duties.

17. Plaintiff worked between 55-60 hours a week without overtime payments.

18. Plaintiff was paid the sum of $1,730.00 every two weeks.

19. Based on his good faith estimate of working 57.5 hours a week, he is owed 17.5 hours in in unpaid overtime. His half time rate overtime rate is $7.52.

20. Plaintiff seeks $7.52 x 17.5 hours = $131.63 per week for the preceding three years (156 weeks) = $20,534.28

21. Plaintiff further seeks liquidated damages in the same amount. Plaintiff's total estimated damages are $41,068.56

22. Defendants failed to pay Plaintiff the mandatory overtime wages as required under Federal law.

23. Plaintiff is a non-exempt employee under the FLSA.

24. Plaintiff's job duties were such that he himself was individually engaged in commerce.

## COUNT I
## UNPAID OVERTIME
## IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
## AS TO DEFENDANT KENDALL SPORTS BAR, INC.

Plaintiff re-alleges Paragraphs 1 through 24 as set forth herein.

25. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

26. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

27. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

28. Defendant, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

29. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor

Standards Act, pursuant to 29 U.S.C. §207. Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

30. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

31. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter. As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

32. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

33. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

### COUNT II
### UNPAID OVERTIME
### IN VIOLATION OF THE FAIR LABOR STANDARDS ACT 29 U.S.C. §207
### AS TO DEFENDANT NECTORY PLAISIR

Plaintiff re-alleges Paragraphs 1 through 24 as set forth herein.

34. Plaintiff is a covered, non-exempt employee and is entitled to overtime compensation for all hours worked in excess of forty (40) hours per week.

35. Plaintiff worked in excess of forty (40) hours per week for several of the work weeks he was employed with the Defendant.

36. Plaintiff worked in excess of forty (40) hours per week without being compensated for any overtime benefits by the Defendant.

37. Defendant, failed to compensate Plaintiff up to one and a half times his hourly rate for all worked performed in excess of forty (40) hours.

38. The Defendant's failure to properly compensate Plaintiff is in violation of the Fair Labor Standards Act, pursuant to 29 U.S.C. §207.  Plaintiff is aware of hours for which he was not compensated in the preceding period of time.

39. Defendant's failure to pay Plaintiff overtime was the result of intentional, willful misconduct, such that Plaintiff is entitled to overtime payments for the entire preceding period.

40. As a direct and proximate result of the Defendant's actions, Plaintiff has obtained counsel to represent him in this action and has agreed to incur reasonable attorney's fees and costs for the prosecution of this matter.  As a result, Plaintiff is entitled to reimbursement and/or an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216.

41. As a direct and proximate result of the Defendant's actions, Plaintiff has suffered damages.

42. As a result of Defendant's conduct, Plaintiff is entitled to unpaid wages for overtime, liquidated damages and other penalties.

WHEREFORE, Plaintiff prays that judgment be entered in his favor and against the Defendant as follows:  The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 11th day of September 2019.

                    SCOTT WAGNER & ASSOCIATES, P.A.
Jupiter Gardens
250 South Central Boulevard
Suite 104-A
Jupiter, FL 33458
Telephone: (561) 653-0008
Facsimile: (561) 653-0020

s/Cathleen Scott
Cathleen Scott, Esq.
Florida Bar Number 135331
Primary e-mail: CScott@scottwagnerlaw.com
Secondary e-mail: mail@scottwagnerlaw.com
Secondary Address: 101 Northpoint Parkway
West Palm Beach, FL 33407
www.ScottWagnerLaw.com